UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDELLA PATTERSON,

            Plaintiff,

v.

CHRYSLER GROUP, LLC, ET AL.,

            Defendants.

_____/

Case No. 15-10563

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12] AND
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [13]**

Plaintiff was once married to an employee of Defendant FCA US LLC

(Chrysler).[1]  Chrysler is the sponsor of Defendant FCA US LLC—UAW Pension

Plan, an ERISA plan under which Plaintiff's ex-husband accumulated benefits.  In

Plaintiff's September 1993 divorce judgment, she was awarded half of her ex-

husband's pension benefits accumulated under the plan during their marriage.  By

April 28, 2008, Defendants had twice denied Plaintiff's claim for benefits under

the divorce judgment.  In 2014, Plaintiff's new counsel returned to Wayne County

Circuit Court and obtained a new order recognizing her right to benefits awarded in

---

[1] Chrysler Group LLC changed its name to FCA US LLC in December 2014.

the divorce judgment and purporting, under the nunc pro tunc doctrine, to date back to September 1993.  After Defendants denied Plaintiff's claim for benefits under this Nunc Pro Tunc Order as well, Plaintiff brought the instant suit.  The parties have brought cross-motions for summary judgment.  At the conclusion of a hearing held on February 4, 2016, the Court took the motions under advisement.

For the reasons stated below, Plaintiff's Motion for Summary Judgment [12] is **GRANTED**, Defendants' Motion for Summary Judgment [13] is **DENIED**, and Plaintiff is awarded the benefits provided to her under the terms of the 2014 Nunc Pro Tunc Order.

### FACTUAL BACKGROUND

Plaintiff was formerly married to the late Henry Patterson, a Chrysler employee.  The Wayne County Circuit Court entered a divorce judgment in September 1993.  The divorce judgment awarded Plaintiff half of her husband's pension benefit accumulated during the marriage.  Henry Patterson began receiving retirement benefits in April 1994.  He died in November 2007.

Plaintiff twice submitted the divorce judgment to Defendants in an attempt to claim the benefits it awarded her.  She first submitted it in December 1994. According to plan notes, a plan representative advised Plaintiff or her counsel by phone that the judgment was not a qualified domestic relations order, and arranged for a sample qualified order to be mailed to Plaintiff's counsel.  Plaintiff submitted

the divorce judgment again in early 2008. On February 28, 2008, Benefit Express (an agent of the plan) sent Plaintiff a letter denying her claim for benefits under the divorce judgment, stating that the judgment was not a qualified domestic relations order, that Henry Patterson had no remaining benefit to be assigned to Plaintiff, and that no further action would be taken. Plaintiff unsuccessfully pursued benefits again in 2012.

On February 28, 2014, the Wayne County Circuit Court entered an order titled "Qualified Domestic Relations Order Nunc Pro Tunc" (the Nunc Pro Tunc Order). The order states that it "relates to the provision of marital property rights … as a result of" the 1993 divorce judgment. The order provides that Plaintiff is entitled to a portion of Henry Patterson's plan benefits as an alternate payee.

On March 3, 2014, Plaintiff's counsel sent a copy of the Nunc Pro Tunc Order to Defendants with a demand for benefits. On June 24, 2014, Defendants denied the claim because "due to the optional form of payment chosen by the participant at the time of the participant's commencement, there is no survivor benefit."

Plaintiff filed this suit on February 12, 2015. On August 14, 2015, Plaintiff filed a Motion for Summary Judgment [12] and Defendants filed an opposing Motion for Summary Judgment [13]. The parties filed Responses [14, 15] on September 18, 2015. On October 2, 2015, Defendants filed a Reply [16]. At the

conclusion of a hearing on February 4, 2016, the Court took the motions under advisement.

**ANALYSIS**

Any judgment or order made pursuant to state domestic relations law and relating to the provision of marital property rights to an ERISA plan participant's current or former spouse is defined by ERISA as a "domestic relations order" (DRO). 29 U.S.C. § 1056(d)(3)(B)(ii). ERISA pension benefits may not be assigned or alienated pursuant to a DRO unless the DRO is "qualified." *Id.* § 1056(d)(1),(3)(A). To be qualified, a DRO must satisfy several requirements. *Id.* § 1056(d)(3)(B)(i)(II). If a DRO does not meet these requirements, it is preempted by ERISA. *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676–77 (6th Cir. 2000).

Plaintiff seeks the benefits assigned to her in the divorce judgment and Nunc Pro Tunc Order, which Defendants denied her on the grounds that neither DRO meets the requirements to be qualified. Defendants argue that Plaintiff's claim for benefits must be dismissed as time-barred and for failure to state a claim on the merits.[2]

---

[2] Count Two of Plaintiff's complaint alleges breach of fiduciary duties under 29 U.S.C. §§ 1104, 1132. Plaintiff has raised no argument in support of Count Two in response to Defendants' arguments for summary judgment. At oral argument,

## I.      Statute of Limitations

The denial-of-benefits claim is subject to Michigan's six-year limitations period for breach of contract actions.  *See Redmon v. Sud-Chemie Inc. Ret. Plan for Union Emps.*, 547 F.3d 531, 534 (6th Cir. 2008); *Bender v. Newell Window Furnishings, Inc.*, 681 F.3d 253, 272 (6th Cir. 2012).  The limitations period began to run when Plaintiff discovered, or should have discovered with due diligence, the acts constituting Defendants' alleged violation.  *See Bender*, 681 F.3d at 272.  The rule can be restated as triggering the limitations period upon a clear repudiation of a claim for benefits.  *See, e.g.*, *Morrison v. Marsh*, 439 F.3d 295, 302 (6th Cir. 2006).

Plaintiff's claim is time-barred to the extent that it is based on qualification of the divorce judgment.  On February 28, 2008, Benefit Express sent Plaintiff a letter denying her claim for benefits under the divorce judgment, stating that the judgment was not a qualified DRO, that Henry Patterson had no remaining benefit to be assigned to Plaintiff, and that no further action would be taken.  Any claim that Defendants wrongfully denied Plaintiff's claim for benefits under the divorce judgment therefore was time-barred no later than February 28, 2014—nearly a year before Plaintiff brought this suit.

---

Plaintiff's counsel stated that Plaintiff is no longer pursuing Count Two.  The claims for breach of fiduciary duty are therefore waived.

5 of 9

However, Defendant did not deny Plaintiff's claim for benefits under the Nunc Pro Tunc Order until June 2014. Plaintiff filed this suit less than a year later, falling well within the statute of limitations. Plaintiff's claim is not time-barred to the extent that it is based on an allegedly erroneous refusal to recognize the Nunc Pro Tunc Order as a qualified DRO.

## II.    Merits

The Court reviews the plan administrator's decision regarding a DRO's qualified status de novo, since it presents a question of statutory interpretation rather than interpretation of plan terms. *Hogan v. Raytheon, Co.*, 302 F.3d 854, 856 (8th Cir. 2002) (citing *Samaroo v. Samaroo*, 193 F.3d 185, 189 (3d Cir. 1999); *Dial v. NFL Player Supplemental Disability Plan*, 174 F.3d 606, 611 (5th Cir. 1999)).

Defendants argue that the Nunc Pro Tunc Order cannot be qualified for two reasons. First, a DRO cannot be qualified if it "require[s] the plan to provide increased benefits (determined on the basis of actuarial value)." 29 U.S.C. § 1056(d)(3)(D)(ii). Here, Plaintiff concedes that the full amount of Henry Patterson's benefits under the plan were paid to him before he died. Defendants argue that, therefore, any benefits paid to Plaintiff under the Nunc Pro Tunc Order would represent an increase in the benefits. Second, a DRO cannot be qualified if it "require[s] a plan to provide any type or form of benefit, or any option, not

otherwise provided under the plan." *Id.* § 1056(d)(3)(D)(i).  Here, the plan prohibits (with three exceptions not relevant here) any change in the form of benefits after the benefit commencement date.  The Nunc Pro Tunc Order was issued after the commencement of Henry Patterson's benefits and would have the effect of changing the form of his benefits from a single life annuity to a joint survivor annuity with surviving spouse benefits.  Since this change is prohibited by the plan, the Nunc Pro Tunc Order would require the plan to provide an option not otherwise provided.

The Court concludes that the Nunc Pro Tunc Order is qualified only if it is considered to date back to the 1993 divorce judgment.  If so, then at the time the plan started paying the benefits to Henry Patterson, it was already required to pay some of them to Plaintiff instead.  Paying that share now is not an increase in benefits but instead a recognition that the money Henry Patterson received included both his share of the benefits and extra funds that the plan paid by mistake.  Further, the order would predate the "benefit commencement date," and therefore could not violate the plan's prohibition on a change in the form of benefits *after* the benefit commencement date.

In other words, the dispositive issue is whether a state court's designation of a DRO as a nunc pro tunc order must be given effect when evaluating whether the DRO meets ERISA's qualification requirements.  Neither the Sixth Circuit nor the

Supreme Court has resolved this issue. Persuasive authority on the issue is split. *Compare Payne v. GM/UAW Pension Plan,*, No. CIV.A. 95–CV–73554DT, 1996 WL 943424, at \*8 (E.D. Mich. May 7, 1996) (unpublished) (holding nunc pro tunc DRO qualified); *Patton v. Denver Post Corp.*, 326 F.3d 1148, 1152 (10th Cir. 2003) (finding *Payne* persuasive on validity of state court use of the nunc pro tunc doctrine to render DRO compliant with ERISA's qualification requirements); *Yale-New Haven Hosp. v. Nicholls*, 788 F.3d 79, 86 (2d Cir. 2015) (holding nunc pro tunc DROs qualified because, under the nunc pro tunc fiction, they assigned benefits to plaintiff before those benefits vested in someone else), *with Samaroo v. Samaroo*, 193 F.3d 185, 191 (3d Cir. 1999) (declining to follow *Payne*, stating that the facts in *Payne* serve as an example of potential abuse of a nunc pro tunc DRO, and holding that a DRO's effect on an ERISA plan was a matter of federal law and thus not affected by the state court designating it nunc pro tunc); *Yale-New Haven Hosp.*, 788 F.3d at 92 (Wesley, J., concurring and dissenting) ("I am aware of no legal authority that permits a state court to issue an order and adopt a legal fiction about the order's existence earlier in time such that the state order so easily thwarts the intricate federal statutory scheme surrounding the antialienation of pension benefits.").

     The Court believes the authorities on each side of the issue make persuasive points and advance viable interpretations of the law. Ultimately, however, the

Court is more persuaded by those authorities that give effect to a state court's invocation of the nunc pro tunc doctrine when evaluating the qualification of a DRO.  Accordingly, the Court holds that the Nunc Pro Tunc Order is considered entered as of September 1993.  As explained above, it therefore meets the requirements prohibiting increased benefits and provision of an option not otherwise provided under the plan.  Defendants have not challenged the order's compliance with any other qualification requirements.  The Court therefore holds the Nunc Pro Tunc Order qualified and Plaintiff entitled to the benefits provided under its terms.

### CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [12] is **GRANTED**.  Defendants' Motion for Summary Judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded the benefits provided to her under the terms of the 2014 Nunc Pro Tunc Order.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow

Dated: February 17, 2016              Senior United States District Judge